# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————————

№ 26-CV-03459 (RER) (JRC)

————————————————

ROCKIE FURTADO JR.

VERSUS

ROCKIE FURTADO SR., DENNIS FURTADO,
AND MADELINE FURTADO

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Rockie Furtado Jr. ("Plaintiff") brings this action under 28 U.S.C. § 1332, diversity of citizenship jurisdiction. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted.

After carefully reviewing the record, and for the reasons set forth herein, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

The following facts are drawn from the Plaintiff's pleadings, the allegations of which are assumed to be true for the purpose of this Memorandum and Order. Plaintiff asserts that he is domiciled in New York and that defendants are domiciled in Rhode Island and Massachusetts. (ECF No. 1 at 1–2). Plaintiff alleges that he is thirty-two years old and brings this action against members of his family whom he asserts have caused him "pain & suffering." (*Id*. at 4). Specifically, he claims that defendants "participated in ongoing acts and different violations that cause (Plaintiff) Rockie Furtado jr [sic] emotional distress and

a effective mental health condition . . ." (*Id.*) He claims he is disabled because of defendants' negligence. He seeks $1,275,000 in monetary damages.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Further, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether

there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

## DISCUSSION

Plaintiff asserts that the Court has diversity jurisdiction over his claims. (ECF No. 1 at 3). Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v.*

3

*Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Goddard v. Fiore*, No. 24-CV-5943 (NRM) (PK), 2024 WL 4515284, at \*1 (E.D.N.Y. Oct. 17, 2024).

Plaintiff and defendants are diverse in citizenship. However, Plaintiff requests more than one million dollars in damages but fails to allege plausible facts suggesting that he has suffered damages in the amount he seeks. Plaintiff's request for relief is deemed speculative and insufficient to meet the amount in controversy required for the Court to exercise diversity jurisdiction over this matter. *See, e.g., Johnson v. GEICO Ins. (Auto)*, No. 24-CV-4693 (LDH) (LB), 2025 WL 1191723, at \*3, n.2 (E.D.N.Y. Apr. 23, 2025) (deeming plaintiffs' request for relief in the amount of $300,000 "speculative and [] thus, insufficient to meet the amount in controversy required for the Court to exercise diversity jurisdiction"); *Sanders v. N.Y. Times*, No. 23 Civ. 2105 (LTS), 2023 WL 3724818, at \*4 (S.D.N.Y. May 30, 2023) ("[W]here a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy."); *Pucha v. Peters*, No. 23-CV-4113 (DLI) (SJB), 2023 WL 6121797, at \*3 (E.D.N.Y. Sept. 19, 2023) (finding that "generalized and speculative" pleadings are insufficient to demonstrate "that the amount in controversy exceeds $75,000 and are not entitled to a presumption of truth"). Given that Plaintiff's request for more than one million dollars in damages is speculative, Plaintiff has not properly invoked this Court's diversity jurisdiction. *Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB) (ST), 2020 WL 1975236, at \*2 (E.D.N.Y. Apr. 24, 2020) ("The amount in controversy must be non-speculative in order to satisfy the [diversity jurisdiction] statute

and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient.").

The Court has also considered whether Plaintiff's allegations present a basis for federal question jurisdiction. A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (quotation marks and citation omitted). Liberally construing Plaintiff's allegations to raise the strongest arguments they suggest, the complaint does not suggest any basis for exercising federal question jurisdiction. Plaintiff's claim does not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331; *see, e.g.*, *Gaston v. Shelter*, No. 24-CV-04386 (NCM) (LB), 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) ("Because plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.").

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff shall have until **July 20, 2026**, to file an amended complaint that asserts a valid basis for this Court's jurisdiction over his claims. If Plaintiff seeks to proceed under diversity jurisdiction, he should allege facts to show that he meets the amount in controversy requirement of damages in excess of $75,000.00. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this

5

Order. Plaintiff is advised that an amended complaint, if filed, will replace the original complaint.

If Plaintiff fails to file an amended complaint within the time allotted, judgment will enter dismissing this action for lack of subject matter jurisdiction.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project to make an appointment for free, confidential, limited-scope legal assistance. The Federal Pro Se Legal Assistance Project operates independently and is not a part of the Court.

The Clerk of the Court is respectfully requested to grant ECF No. 2, mail a copy of this Order to Plaintiff, and note service on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: June 17, 2026
        Brooklyn, New York